946 F.2d 884
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barbara BRICE, Plaintiff-Appellant,
v.
EQUITABLE BANK, N.A., Diane Frye, Defendants-Appellees.
 No. 90-2411.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 27, 1990.
Decided Oct. 8, 1991.
As Amended Oct. 23, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (C/A 88-1958-K)
 Barbara Brice, appellant pro se.
 Stanley Mazaroff, Francis Raymond Laws, Venable, Baetjer & Howard, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Barbara Brice appeals from the district court's directed verdict for the defendants on her 42 U.S.C. § 1981 claim alleging racial discrimination in denial of promotion, and from the district court's judgment for the defendants on her Title VII, 42 U.S.C. § 2000e, et seq., claims alleging sexual discrimination in denial of promotion and retaliation for bringing this action. We affirm.
 
 I.
 
 2
 Brice, who is black, was employed as a Sales Service Representative by Equitable Bank and sought to be promoted to the position of Correspondent Bank Representative. This latter position required a college degree and three years of merchant sales experience. Brice did not possess the required degree or the necessary experience. Nevertheless, she instituted this action when a white male, who had the necessary credentials, was hired for this position.
 
 
 3
 During discovery, Brice produced a "memorandum" allegedly written by her supervisor, Diane Frye, who is also black, which made negative sexual and racial references in regards to promoting Brice. Expert analysis of this "memorandum" revealed it to be a forgery. The trial court observed that were this a criminal trial it would find "beyond a reasonable doubt" that Brice was the forger.[1] Without the "memorandum's" direct evidence of discrimination, Brice had only her own testimony to support her allegations. The trial court noted that testimony of Brice's own witnesses showed an "absence of any kind of racial discrimination."
 
 
 4
 Finally, Brice contended that she was retaliated against by having office procedures strictly enforced against her, by not being promoted into another appropriate position, by not receiving raises as high as her peers, and by eventually being fired. However, although her employment record shows that she has received "less than expected" job evaluations and has been repeatedly admonished for her weakness in judgment and decision making, Brice was promoted to the position of Senior Sales Representative and continued to receive raises. In fact, at the time of her discharge, she was the highest paid Sales Representative.
 
 II.
 
 5
 To support her "failure to promote" claim, Brice must first prove that she was qualified for the position she sought. Robinson v. Montgomery Ward and Co., Inc., 823 F.2d 793, 796 (4th Cir.1987), cert. denied, 484 U.S. 1042 (1988). This she has failed to do. Among the requirements for the position was a college degree, which Brice does not have. Although Brice argues that the requirements for the position were tailored to fit the person ultimately hired, without the forged "memorandum," there is no evidence supporting this allegation. Moreover, it is clear that the person hired for this position was more qualified than Brice. See Gairola v. Virginia Dept. of Gen.Servs., 753 F.2d 1281, 1287 (4th Cir.1985) (under Title VII must be able to show better qualified than successful candidate). He had a college degree, had three years managerial experience, and had received excellent work evaluations in his previous managerial position.
 
 
 6
 Failing to establish that she was qualified for the position of Correspondent Bank Representative or that she was the most qualified candidate for the position, Brice is not entitled to any relief on her claim of employment discrimination. She has not been denied anything, since she was not qualified for what she sought.
 
 III.
 
 7
 To establish a prima facie case of retaliation, Brice must show by a preponderance of the evidence that she:
 
 
 8
 (1) engaged in protected activity;
 
 
 9
 (2) that her employer took adverse employment action against her; and
 
 
 10
 (3) that there is a causal connection between the protected activity and the adverse action.
 
 
 11
 See Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985). Brice can only establish that she was an employee engaged in a protected activity. She has claimed that her employer and her supervisor took adverse employment action against her, but the documented evidence at trial does not support these allegations. In fact, Brice continued to receive raises despite her "less than expected" performance evaluations and was promoted to the position of Senior Sales Representative. Gairola, 753 F.2d at 1287. Brice has not carried her burden on her retaliation claim, and therefore, the district court was not clearly erroneous in entering judgment for the defendants on this claim.[2]
 
 
 12
 Accordingly, the decision of the district court is hereby affirmed. We dispense with oral argument as the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 We have no occasion to pass on the trial court's observations regarding who prepared the forged document
 
 
 [2]
 Brice states in her informal brief that she was terminated "the week of the trial" of this case for falsifying bank records. To the extent she asserts this as an additional claim of retaliation, we note that it was not properly before the district court and we will not consider it here